# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and COUNTRY PREFERRED INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> SUBARU OF AMERICA, INC., <br><br> Defendant. | Civil Action No. 3:22-cv-00534 <br> Judge Trauger <br><br> JURY DEMAND |

## INITIAL CASE MANAGEMENT ORDER

Under this Court's Local Rule 16.01, counsel for all Parties have met and conferred to discuss the matters addressed in Rule 26(f) of the Federal Rules of Civil Procedure. Agreements reached by counsel or the Parties' divergent positions are memorialized in this joint [Proposed] Initial Case Management Order, which reflects the case management preferences of presiding District Judge Aleta A. Trauger.

**A. JURISDICTION:** The Court has subject-matter jurisdiction based on diversity of citizenship of the Parties and an amount in controversy exceeding $75,000, pursuant to 28 U.S.C. § 1332(a).

**B. BRIEF THEORIES OF THE PARTIES:**

**1. PLAINTIFFS:** In late July 2021 Seth Green bought a new Subaru Forester. For Thanksgiving that year he and his wife, Professor Caitlin Fitz, and daughter drove to his wife's parents' home in Brentwood, Tennessee from their home in Chicago. On November 25, 2021, the Forrester ignited while parked in the Fitz garage. The Forester had less than $4,000 miles on it then and had yet to be serviced for the first time. The Fire destroyed the Forester and

an adjacent vehicle and rendered the Fitz home unlivable. Subaru was fairly notified of the Fire and permitted to investigate it and the damage it caused.

**2. DEFENDANT:** Defendant Subaru of America, Inc. ("SOA"), disputes all liability in this matter. SOA denies that it designed, manufactured, or assembled the 2021 Subaru Forester 2.5I AWD, VIN JF2SKADC5MH554690 (the "Forester"), described in Paragraph No. 8 of Plaintiffs' Complaint. As a distributor, SOA relies on all defenses afforded by Tenn. Code Ann. § 29-28-106. SOA further denies that the Forester malfunctioned, or was improperly designed or manufactured, or was defective or unreasonably dangerous at the time it left its manufacturer's control. SOA relies upon the rebuttable presumption that the Forester was not unreasonably dangerous when it left its manufacturer's control by reason of its compliance with appliable federal regulations. Tenn. Code Ann. § 29-28-104. SOA denies that it breached any warranty, express or implied. Plaintiffs are not and never have been in contractual privity with SOA. Therefore, Plaintiffs may not recover from SOA under either the Uniform Commercial Code or the Magnusson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* Finally, to the extent proven by investigation and discovery, SOA relies upon the defenses of comparative fault and superseding cause.

**C.    ISSUES RESOLVED:** Jurisdiction and venue.

**D.    ISSUES STILL IN DISPUTE:** Liability and damages.

**E.    INITIAL DISCLOSURES:** Plaintiffs have already provided its initial disclosures. Subaru will provide its initial disclosures on or before **September 26, 2022**.

**F.    DISCOVERY:** The Parties will complete all written discovery and depose all fact witnesses on or before March 31, 2023. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions about discovery are to be filed until after the Parties have

conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

**G. MOTIONS TO AMEND:** The Parties shall file all motions to amend, if any, on or before **February 1, 2023**.

**H. DISCLOSURE OF EXPERTS:** Plaintiffs will identify and disclose all expert witnesses and expert reports on or before **April 15, 2023.** Defendant will identify and disclose all expert witnesses and reports on or before **May 15, 2023**.

**I. DEPOSITIONS OF EXPERT WITNESSES:** The Parties will depose all expert witnesses on or before **June 15, 2023**. When making disclosures of expert witnesses and expert reports under Paragraph H of this Order, Plaintiffs and Defendant must each provide to the other available dates for the other's deposition(s) of their expert witness(es).

**J. JOINT MEDIATION REPORT:** The Parties will file a joint mediation report on or before **May 20, 2023**.

**K. DISPOSITIVE MOTIONS:** The Parties must file all dispositive motions, if any, on or before **July 15, 2023**. Responses to dispositive motions must be filed within 21 days after the filing of the motion. Optional replies may be filed within ten days after the filing of the response. Briefs must not exceed <u>20 pages</u>. Any party wishing to file such a motion must first file a separate motion that gives the justification for file a motion for partial summary judgment in terms of overall economy of time and expense for the Parties, counsel, and the Court.

**L. ELECTRONIC DISCOVERY:** The Parties have agreed on how to conduct electronic discovery. Thus, the default standard in Administrative Order No. 174-1 need not apply here.

**M. ESTIMATED TRIAL TIME:** The Parties expect trial to last about three days.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

/s/Michael A. Durr_____
Counsel for Plaintiffs


/s/ J. Randolph Bibb, Jr._____
Counsel for Defendant