Motion GRANTED as unopposed.

# THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

**State Farm Fire and Casualty Company**
as subrogee of Earl and Julianne Fitz,
**State Farm Mutual Automobile Insurance Company**
as subrogee of Earl and Julianne Fitz, and
**Country Preferred Insurance Company**
as subrogee of Caitlin Fitz and Seth Green   3:22-cv-00534

*Plaintiffs*   Trauger / Jury Demanded

v.

**Subaru of America, Inc.**
and **Subaru Corporation**

*Defendants*

## Plaintiffs' Motion to Dismiss Without Prejudice

This products liability lawsuit arises out of a vehicle fire that destroyed the vehicle itself (a 2021 Subaru Forester with less than 4,000 miles on it), the vehicle next to it, and the home in which it was parked. Plaintiffs are the insurance carriers that paid for that damage. With subrogated rights, they have sued Subaru of America, Inc. ("SoA") and Subaru Corporation ("SC") here through the Tennessee Products Liability Act and for breach of warranty.

Following the depositions of the Fitzs on December 6 and then a discussion with defense counsel, it became apparent that the Illinois-based dealership that sold the vehicle to Country Preferred's insureds less than four months before the fire should be a defendant. That is because of, at least: (1) compelling testimony from the Fitzs that the fire began within the Forester; (2) Subaru's position that such an event was not of its making; and (3) the dealership's apparently extensive presale inspection of the Forester. That dealership is an Illinois citizen.[1] Because all of the plaintiffs and two of their insureds are Illinois citizens, adding the dealership as a defendant eliminates diversity and thus federal court jurisdiction. It also seems unlikely that a Tennessee court can exercise personal jurisdiction over the dealership.

Because SoA has answered (we received word only about two weeks ago that SC will not waive formal service and insists on Plaintiffs observing the Hague Convention), Plaintiffs must obtain leave of Court through Rule 41(a)(2) to dismiss without prejudice: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court

---

[1] See https://www.subaruchicago.com/dealership/about.htm as well as the Illinois secretary of state web page for the dealership, a printout of which is Exhibit A to this motion.)